L. B. and S. R. Bates *v.* Jeff Brown.

**Pleading—Delivery.**

A reply has a legal, technical meaning, and can not contain new matter inconsistent with the petition.

**Pleading—Reply.**
　　A reply can not be considered as an amended petition.

**Pleading—Reply.**
　　A reply which does not contain an allegation of indebtedness together with the statement of necessary facts, was held insufficient.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 14, 1873.

Opinion by Judge Peters:

On the 17th day of September, 1870, the appellee filed his original petition in which he alleged that appellants were indebted to him "in the sum of $1,500, for services done and performed for them in the various courts, the particulars of which are set out in an account filed herewith; that L. B. Bates and Sarah R. Bates are husband and wife, and had traded, and speculated in property, real and personal, for ten or twelve years, controversies about which have involved them in various law suits and litigation, in which plaintiff was their attorney, which suits are set out in the within filed bill of particulars." He then proceeds to set forth grounds for an attachment, an order for which he obtained, and certain persons were garnished and summoned to answer.

This petition was answered by L. B. Bates, pleading payment for all the services rendered by appellee; then by a sort of cross-action, he asserts a claim for damages for carelessness, negligence and want of legal skill in the management of his business.

On the 18th of November, 1870, appellee filed an amended petition, in which he alleged he had attached in suit No. 23,424, in the court below, of Jeff Brown (himself) v. Bates and Wife, $1,885, of two notes of $1,000 each, made by R. L. Lancaster to said M. E. Bates, dated — day of ———, 1869, due one and two years from date; that said Lancaster has answered said amended petition; that said L. B. Bates and S. R. Bates, or both of them have been claiming, since said attachment, some subsequent interest, the whole, or balance of said notes. He now makes said Lancaster a party defendant to this suit, to say whether or not he is indebted the whole of said notes or the balance of same to the said L. B. and S. R. Bates, or either of them, and prays judgment against him for whatever he may stand indebted to the said

L. B. or S. R. Bates, or both, and for all other and proper relief. And on the same day said amendment was filed, a bill of particulars was also filed, the various items of which aggregate the sum of $3,500.

Gerding, a garnishee, filed an answer admitting that he had executed two notes to S. R. Bates on a certain day, one for $2,000 and the other for $2,500; that the note for $2,000 had been delivered up to him; that he had deposited it in a bank named, as collateral security for $1,000; that all of said notes had been paid except the sum of $800; and that the $2,500 note remained unpaid, with the accrued interest thereon.

In March, 1871, Mrs. Bates filed her answer, pleaded her coverture, denied that she owed appellee anything, and controverted the grounds set forth in his petition for an attachment; and on the 31st of the last named month, an order in the following words was made by the court: "This day came plaintiff, by counsel, and filed his reply to counterclaim herein," in which, after denying the charge of unskillfulness, carelessness and negligence in L. B. Bates' answer, he alleges that the services performed by him for Bates were worth $5,200 instead of $3,500, and further alleges that the wharf property was purchased and paid for by L. B. Bates; that he procured the conveyance to be made to his wife for the fraudulent purpose of removing it from the reach of his creditors; that no consideration passed from Mrs. Bates to her husband to uphold the conveyance to her; and that the pretended sale and conveyance of said property to Gerding was for the same fraudulent purpose of cheating plaintiff and preventing him from collecting his debt. He concludes with a prayer "that said sale may be set aside," and "that said property be subjected to the payment of his debt," as alleged in his original petition, "and for all proper relief."

On the 28th of April, 1871, appellee's attachment was discharged; whereupon he filed an amended affidavit, executed bond with approved surety, and an order for another attachment was made, and Gerding, again summoned as garnishee to answer, filed a second answer, in substance the same as the one previously filed by him.

T. M. Bates, on his own petition, was made a defendant in the suit, and set up a claim to the notes on Gerding; but as he failed

to manifest a right to the same, his petition was dismissed. After various depositions had been taken, all the parties testifying, the most of them and some of the other witnesses being examined as many as two or three times, on the 6th of December, 1872, judgment was rendered in favor of appellee against L. B. Bates, for the sum of three thousand two hundred dollars, with interest at the rate of 6 per cent. per annum from the 21st of December, 1870, till paid, and costs. His attachment was sustained, and Gerding was ordered to pay into court the sums of $2,000 and $2,500, with interest on each amount at the rate of 6 per cent. per annum from the 27th of August, 1872, till paid, the court reserving the power to appropriate said funds to whoever should upon further investigation manifest a right thereto; and subsequently a judgment was rendered, by which said funds, or so much thereof as should be sufficient for the purpose of paying appellee, were adjudged to him, and Bates and wife have appealed to this court.

The whole of the pleadings of appellee in the case has been substantially, if not literally, recited to show precisely what cause or causes of action he has set forth against appellants. In his original petition, he alleges facts constituting a cause of action against appellants, and if true, a right to recover against them the sum of fifteen hundred dollars, no more.

The amended petition, filed the 11th of November, 1870, merely states the fact that one Lancaster had executed two notes to M. E. Bates, for $1,000 each; that in suit No. 23,424 in the Louisville Chancery Court of himself against said M. E. Bates, he had attached $1,885 of said notes; that L. B. Bates or S. R. Bates, or both of them, have been claiming some interest in said notes subsequent to his attachment. He makes Lancaster a defendant, and calls on him to state whether he owes said L. B. Bates and S. R. Bates, or either of them, the amount of said notes, and prays for judgment, etc. In this there is certainly no allegation of an indebtedness to him on the part of the Bates in any amount; the only allegation to that effect is to be found in the original petition.

The remaining pleading of appellee is a reply to the counterclaim of L. B. Bates, if it can be in legal parlance styled such, the amount claimed for every injury therein alleged being in blank,

so that, in fact, there was no necessity for a reply. But the paper referred to only purports to be a reply, and as such was filed. A reply has a legal technical meaning. The Civil Code, Secs. 132 and 133, defines in what cases it may be filed, and what it shall contain. After controverting new matter set up in an answer constituting a counterclaim or set-off, no new matter not consistent with the petition can constitute a defense. It is therefore, in its nature and character, a defense to a cause of action set forth by way of counterclaim or set-off, and can not be regarded or considered as an amended petition; and even if the reply contained facts, constituting a cause of action in addition to these alleged in an original or amended petition, they could not be the foundation of a judgment. But even if it were considered differently, and could be treated as an amended petition, the allegation is insufficient. There is no direct allegation of an indebtedness of $5,200 with the statement of the necessary facts, but it is a mere alternate statement that defendants owed him $5,200 for legal services instead of $3,500, when there was no allegation of an indebtedness even of the latter sum.

From the foregoing views it is apparent that the facts alleged by appellee are insufficient to authorize the judgment rendered. Wherefore, the same is reversed, and the cause is remanded with directions for further proceedings consistent herewith.

*Bullock, for appellants.*